IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
MAR 28 2007
PER _____
DEPUTY CLERK

JAMES EMERSON,

    Plaintiff,

v.

PAUL L. JENNINGS, et al.,

    Defendants.

CIVIL ACTION NO. 3:CV-06-0035
(JUDGE KOSIK)

## MEMORANDUM AND ORDER

AND NOW, THIS 28th DAY OF MARCH, 2007, IT APPEARING TO THE COURT THAT:

[1] On January 6, 2006, plaintiff filed the above-captioned action pursuant to 42 U.S.C. § 1983, against defendants, Janine Donate, Assistant Warden at Lackawanna County Prison (hereinafter "LCP"), Paul Jennings, Warden at LCP, Timothy M. Betti, Director of LCP, Doctor John Doe, and Patty Bunting;

[2] the matter was assigned to United States Magistrate Judge Thomas M. Blewitt;

[3] On February 27, 2006, we ordered the plaintiff to file an amended complaint; (Doc.13)

[4] the plaintiff filed an amended complaint and three supplements thereto on March 20, 2006; (Docs. 15-18)

[5] by order of May 12, 2006, we dismissed the claims against defendants, Janine Donate and John Doe Doctor, for failure to state a claim upon which relief may be granted, permitted the case to proceed with respect to defendants, Jennings, Bunting and Betti and, remanded the matter to Magistrate Judge Blewitt

for further proceedings;

[6] defendant Bunting filed a motion to dismiss on October 3, 2006, (Doc. 62);[1]

[7] the plaintiff and defendant Bunting filed briefs in support of and in opposition to the motion to dismiss; (Docs. 63, 65, 66)

[8] on November 9, 2006, Magistrate Judge Blewitt issued a Report and Recommendation (Doc. 80) suggesting that we: (1) grant defendant Bunting's motion to dismiss with respect to the plaintiff's Eighth Amendment claim that defendant Bunting told him to walk to a wheelchair and that defendant Bunting placed him in a camera cell for twelve (12) days; (2) deny the defendant's motion with respect to the plaintiff's claim that defendant Bunting was deliberately indifferent to the plaintiff's serious back condition; and, (3) remand the matter to Magistrate Judge Blewitt for further proceedings;

[9] neither the plaintiff, nor the defendants, filed objections to the Report and Recommendation.

IT FURTHER APPEARING THAT:

[10] if no objections are filed to a Magistrate Judge's Report and Recommendation, the court need not conduct a *de novo* review of the plaintiff's claims. 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S.Ct. 466 (1985). Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.

---

[1] Without explanation, defendant Bunting filed a second motion to dismiss and support brief on October 25, 2006, (Docs. 70 &71). Magistrate Judge Blewitt appropriately struck the second motion and brief from the record.

2

*Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987);

[11] having examined the Magistrate Judge's Report and Recommendation, we agree with his recommendations.

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

[1] the Report and Recommendation of Magistrate Judge Thomas M. Blewitt dated November 9, 2006, (Doc. 80) is **adopted**;

[2] defendant, Bunting's motion to dismiss (Doc. 62) is **granted in part and denied in part**;

[3] the plaintiff's claims Eighth Amendment claims that defendant Bunting told him to walk to a wheelchair and that defendant Bunting placed him in a camera cell for twelve (12) days are **dismissed**;

[4] the plaintiff's Eighth Amendment deliberate indifference to a serious medical condition claim will be permitted to proceed; and,

[5] the matter is remanded to Magistrate Judge Blewitt for further proceedings, including a determination of plaintiff's motion to amend the complaint (Doc. 86) filed after the Magistrate Judge issued his Report and Recommendation.

Edwin M. Kosik
United States District Judge